**Affirmed and Memorandum Opinion filed August 9, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00377-CV

---

## VICTOR ANTHONY CHARLES, Appellant

### V.

## CHERYL HARRIS DIGGS, Appellee

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-08158**

---

## MEMORANDUM OPINION

In the suit asserting claims of legal malpractice and breach of fiduciary duty, client Victor Anthony Charles appeals the no-evidence summary judgment rendered in favor of his criminal-defense attorney Cheryl Harris Diggs. We affirm.

### I.

Attorney Cheryl Harris Diggs was appointed in May 2017 to defend Victor Anthony Charles against the charge of aggravated assault of a family member.

Charles alleges that he repeatedly informed Diggs in May, June, July, and August of that year that he had not been given a probable-cause hearing within forty-eight hours as required. In August, he additionally told Diggs that the complaining witness had recanted. Despite these communications, Diggs allegedly misrepresented to the trial court at a subsequent hearing that she had not heard from Charles since his arrest, and she failed to address the delayed probable-cause hearing or the complaining witness's recantation. In January 2018, Charles himself emailed the assistant district attorney and asked for the charges to be dismissed. In April 2018, he dismissed Diggs and retained his own counsel.

The State first postponed Charles's criminal trial, then dismissed the felony charges and refiled the charges as a misdemeanor. In October 2018, the trial court dismissed the charges altogether.

Charles then sued Diggs for legal malpractice and breach of fiduciary duty. According to Charles, Diggs's failure to review the entire case file and act on the information provided caused Charles's needless incarceration from May 2017 to October 2018.

Diggs moved for traditional summary judgment on the grounds of res judicata and collateral estoppel, arguing that the professional grievance Charles filed against her had been dismissed and that the dismissal barred his civil claims against her. The trial court granted the motion, but we reversed the judgment and remanded the case. *See Charles v. Diggs*, No. 14-19-00725-CV, 2020 WL 6326422 (Tex. App.—Houston [14th Dist.] Oct. 29, 2020, pet. denied) (mem. op.).

On remand, Diggs moved for summary judgment on the ground that expert evidence was required to prove legal malpractice, and Charles had no such

evidence.[1] Charles attached to his summary-judgment response only copies of Diggs's surreply brief in the prior appeal and his own appellate brief responding to Diggs's surreply. The trial court sustained Diggs's objections to these documents, and Charles does not challenge that evidentiary ruling on appeal. Charles did not cite or refer to any other evidence in the summary-judgment proceedings.

The trial court granted final summary judgment in Diggs's favor. In a single issue, Charles challenges the trial court's judgment.

**II.**

A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). To defeat a no-evidence summary judgment, the non-movant must bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to each challenged element. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

**III.**

On appeal, Charles maintains that his evidence demonstrates several facts important to his claims. He asserts that his evidence is sufficient to defeat summary judgment, citing *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497 (Tex. 1995) (plurality op.) and *Skelton v. Gray*, 547 S.W.3d 272, 276 (Tex. App.—San Antonio 2018), *aff'd*, 595 S.W.3d 633 (Tex. 2020). But the only evidence Charles cites is his petition, and it is well-established that "a party cannot rely on its *own* pleaded

---

[1] Although Diggs did not identify any element of any of Charles's causes of action for which there was no evidence, Charles did not specially except to the motion, and on appeal, he does not argue that the motion was legally insufficient or that the judgment was overbroad.

allegations as evidence of facts to support its own summary-judgment motion or to oppose its opponent's summary-judgment motion." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021).

Further, *Peeler* and *Skelton* are not relevant to this analysis. In *Peeler*, a plurality of the Texas Supreme Court held that a person's own criminal conduct is the sole cause of that person's indictment and conviction, and thus, a person convicted of a crime cannot bring a legal-malpractice claim against the person's criminal-defense attorney unless the person has been exonerated. *Peeler*, 909 S.W.2d at 495. In *Skelton*, the Fourth Court of Appeals distinguished *Peeler* and held that a person could sue her criminal-defense attorney for legal malpractice after her conviction had been vacated and the State had dismissed the charge against her. *Skelton*, 547 S.W.3d at 277. Charles, however, was never convicted of the crime for which Diggs acted as his counsel. Thus, his legal-malpractice claim against Diggs was never barred by his own criminal conviction.

It nevertheless remains true that expert testimony is necessary to prove matters beyond a jury's common understanding. *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119 (Tex. 2004). To prevail on a legal-malpractice claim, the client must prove that "(1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client." *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017). And when the claim arises from prior litigation, the client must prove that the result in the underlying litigation would have been more favorable if the attorney conformed to the proper standard of care. *Id.* at 401 (citing *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013)).

Here, the matters at issue concern the alleged breach of the standard of care applicable to a criminal-defense attorney representing a pre-trial detainee charged

4

with aggravated assault of a family member. Neither the applicable standard of care nor the causal link between the alleged breach of that standard and the length of Charles's detention would be within the common knowledge of most jurors. Perhaps the best illustration of this is that even after Charles retained different counsel, he continued to be detained for a further six months—a delay for which no explanation was offered.

## IV.

Because the applicable standard of care and causation are matters for expert testimony, and Charles produced none, we cannot say that the trial court erred in granting Diggs's motion for no-evidence summary judgment. We accordingly affirm the trial court's judgment.

/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

5